

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 17, 1966

Mr. Harry B. Kelton
Director
Texas National Guard Armory Board
West Austin Station
Austin, Texas  78703

Opinion No. C-614

Re: Whether certain funds
appropriated to the
Armory Board can be
legally expended for
constructing a building
addition for the Adjutant
General's Department at
Camp Mabry under the
provisions of Section 6
Paragraph (7) of Article
5767 V.C.S., and related

Dear Mr. Kelton:

questions.

        We have your letter of recent date requesting our
opinion relative to the above captioned matter, which letter
reads as follows:

        "As indicated by the enclosed certified
copy of an Armory Board resolution of January
29, 1966 the Board has made $235,000.00
available for the construction of a two-story
building addition for the Adjutant General's
Department at Camp Mabry, provided the
expenditure of such funds is approved by the
Executive Budget Office, the Legislative
Budget Board and the Attorney General of
Texas.

        "In the event the funds appropriated
to the Armory Board can be legally expended
for constructing a building addition on land
acquired by the Board under the provisions
of Paragraph (7), Section 6, Article 5767,
Chapter 690 of the General and Special Laws
of Texas, 59th Legislature, Regular Session,
1965, would the Board be required to lease

-2982-

such property to the State of Texas or would the Board be authorized to transfer such property to the State of Texas."

The resolution attached discloses that the funds made available were derived from the sale of property at Camp Wolters and Hulen.

House Bill No. 410, (Acts 1965, 59th Legislature, chapter 690, page 1601) amended Chapters 1 and 2, Title 94, Revised Civil Statutes of Texas, to read in part as follows:

"Article 5767.  Texas National Guard Armory Board.

"Express powers

"Section 6.  The Board possesses but is not limited to the following powers:

". . .

"(7) To construct buildings on any of its real property, whether held in fee simple or otherwise, and to furnish and equip the same and to hold, manage and maintain all of said property and to lease to the State of Texas, in the same manner as hereinafter provided with respect to other property, the buildings, and the sites thereon situated, which it may construct at Camp Mabry, Camp Hulen and Camp Wolters, and to lease and sublease, convey and exchange, . . ."  (Emphasis added).

Section 7 of Article 5767 provides as follows:

"Section 7.  As and when any of the property owned by the Board shall be fully paid for, free of all liens, and all debts and other obligations incurred in connection with the acquisition or construction of such property have been fully paid, the Board may donate, transfer, and convey such property,

by appropriate instruments of transfer, to
the State of Texas, and such instruments
of transfer and conveyance shall be kept
in the custody of the Adjutant General's
Department."

House Bill No. 12 of the 59th Legislature, which is
the Appropriation Bill for the State of Texas for the biennium
September 1, 1965 to August 31, 1967, at page III-18 provides
as follows:

"There is hereby appropriated to the Texas
National Guard Armory Board all funds which have
been or may be derived from sales of state-
owned National Guard Camps and other property
owned by the Texas National Guard Armory Board
and of land, improvements, buildings, facilities,
installations and personal property in connection
therewith, as authorized by Senate Bill No. 279,
Acts, 1963, Fifty-eighth Legislature. Such funds
shall be expended by the Texas National Guard
Armory Board for the use and benefit of the Texas
National Guard for one or more of the following
purposes: (1) As a participating fund in the
construction of armories financed in part by the
United States Government; or (2) As a construction
fund to be used by the Armory Board; or (3) As
a debt servicing fund as provided in Senate Bill
No. 279, Acts, 1963, Fifty-eighth Legislature,
Regular Session. Provided, however, that all
such funds as are not actually used for the
purposes hereinbefore specified shall remain
on deposit with the State Treasurer to the
credit of the Texas National Guard Armory Board
for the use and benefit of the Texas National
Guard, their successors or components, as pro-
vided in Senate Bill No. 279, Acts of the Fifty-
eighth Legislature, 1963. There is hereby
reappropriated to the Texas National Guard
Armory Board all sums refunded to said Board
from any source when such funds were originally
expended for any of the purposes enumerated
in Items 1 through 5 above. Such reappropriated

funds may be expended for any of the purposes
enumerated in Items 1 through 5 above."
(Emphasis added).

It appears from a reading of House Bill No. 410
that the same recodifies all of the laws pertaining to the Texas
National Guard and Armory Board.

In view of the provisions of subdivision 7 of Section 6
of Article 5767, Vernon's Civil Statutes, as amended, and the
fact that the Legislature has appropriated funds derived from
sales of National Guard Camps and other property owned by the
Armory Board to be expended "as a construction fund", we are
of the opinion that to make such portion of the Appropriation
Bill effective, it would include the expenditure of funds for
the construction in question.

It is therefore our opinion that subject to the approval
of the Executive Budget Office and the Legislative Budget Board
and the Attorney General of the State of Texas, that the funds
available for the construction of a two-story building addition
for the Adjutant General's Department at Camp Mabry can be legally
expended for constructing a building addition on lands acquired
by the Board under Paragraph (7), Section 6, Article 5767, Chapter
690 of the General and Special Laws of Texas, 59th Legislature,
Regular Session, 1965.

If the building to which the two-story building addition
is attached for the Adjutant General's Department at Camp Mabry
is under lease to the State of Texas, then this addition should
be leased to the State of Texas, under the same terms and con-
ditions as contained in the original lease, as this building would
upon completion become a part of the original building; however,
if this building addition is constructed on property owned by
the Board and such addition becomes a part of a building that is
fully paid for, free of all liens and all debts and other obli-
gations incurred in connection with the construction, then the
Board may donate, transfer, and convey such property, by appro-
priate instruments of transfer, to the State of Texas, and such
instruments of transfer and conveyance shall be kept in the cus-
tody of the Adjutant General's Department as provided for in
Section 7 of Article 5767, Revised Civil Statutes of Texas.

## SUMMARY

1. Funds appropriated to the Texas National Guard Armory Board can be legally expended for constructing an addition to an existing building at Camp Mabry, subject to the approval of the Executive Budget Office, Legislative Budget Board and the Attorney General of the State of Texas, under the provisions of Section 6, Paragraph (7), Article 5767, Revised Civil Statutes of Texas.

2. When such addition has been completed to the existing building at Camp Mabry and if such original building is under lease to the State of Texas, then this building addition should be leased to the State under the same terms and conditions as contained in the original lease; if such building addition is constructed on property owned by the Armory Board and such addition becomes a part of a building that is fully paid for, free of all liens, debts and other obligations incurred in connection with the construction, then the Armory Board is authorized to donate, transfer and convey such property by appropriate instruments of transfer, to the State of Texas, as provided for in Section 7 of Article 5767, Revised Civil Statutes of Texas.

Yours very truly,

WAGGONER CARR
Attorney General

By: John H. Banks
John H. Banks
Assistant

JHB:sj:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Alan Minter
Marvin Sentell
Harry Gee

APPROVED FOR THE ATTORNEY GENERAL
BY:   T. B. Wright